IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EUGENIO DE LA CRUZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:18-cv-472-TFM-N |
| BP AMERICA PRODUCTION COMPANY, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Consolidate Pursuant to Fed. R. Civ. P. 42 ("motion to consolidate"). *See* Doc. 31. The motion is filed by Plaintiff Eugenio De La Cruz and Movants James Martin, Marcus V. Richardson, James Ramsey, Brandon W. Martir, Mark E. Seaman, Sr., Gilberto Navarro, William E. Batchelder, Richard L. McKensie, and Jeffery Beatty. Movants are the Plaintiffs in the other Back-End Litigation Option ("BELO") cases that were filed by the same counsel. For the purposes of this motion, the Court will refer to them collectively as "Plaintiffs." Defendants timely responded in opposition to the motion to consolidate. *See* Doc. 35. The matter is ripe for disposition and for the reasons discussed below, the motion to consolidate (Doc. 31) is **DENIED**.

### I. BACKGROUND

This matter is a BELO lawsuit for Later Manifested Physical Conditions ("LMPCs") that was filed pursuant to the terms and requirements of the Medical Settlement Agreement ("MSA") that was amended on May 1, 2012; preliminarily approved by the court on May 2, 2012; and entered on May 3, 2012, in the case of *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-02179-CJB-JCW, Doc. 6427-1 (E.D. La. May 3, 2012).

The motion to consolidate involves ten (10) BELO actions for LMPCs, which were transferred from the United District Court for the Eastern District of Louisiana to the Southern District of Alabama and are styled as follows:[1]

(1) *Martin v. BP Expl. & Prod., Inc.*, No. 1:19-cv-00015-KD-B (S.D. Ala. 2019);

(2) *Richardson v. BP Expl. & Prod., Inc.*, No. 1:19-cv-00013-C (S.D. Ala. 2019);

(3) *Janes-Ramsey v. BP Expl. & Prod., Inc.*, 1:19-cv-00012-CG-N (S.D. Ala. 2019);

(4) *Martir v. BP Expl. & Prod., Inc.*, No. 1:19-cv-00005-JB-C (S.D. Ala. 2019);

(5) *Seaman v. BP Expl. & Prod., Inc.*, No. 1:18-cv-00535-CG-C (S.D. Ala. 2019);

(6) *Navarro v. BP Expl. & Prod., Inc.*, No. 1:18-cv-00534-B (S.D. Ala. 2018);

(7) *Batchelder v. BP Expl. & Prod., Inc.*, No. 1:18-cv-00533-CG-M (S.D. Ala. 2018);

(8) *McKenzie v. BP Expl. & Prod., Inc.*, No. 1:18-cv-00513-JB-M (S.D. Ala. 2018);

(9) *Beatty v. BP Expl. & Prod., Inc.*, No. 1:18-cv-00512-KD-B (S.D. Ala. 2018); and

(10)  *De la Cruz v. BP Am. Prod. Co.*, No. 1:18-cv-00472-TFM-N (S.D. Ala. 2018).

The instant case came before the Court for a scheduling conference on January 10, 2019, at which the Magistrate Judge discussed with the parties the issue of consolidation of the BELO actions that have been filed in the Southern District of Alabama. Counsel for Plaintiffs expressed his client was in favor of consolidation, while counsel for Defendants expressed his clients were not in favor of consolidation. The Court did not reach any conclusions at that time.[2]

---

[1] There are now a total of forty-five (45) BELO cases that have been transferred to the Southern District of Alabama – many of which were filed more recently and filed by different counsel. The instant motion to consolidate is solely for the ten cases listed here.

[2] Plaintiff's brief states "[t]his Court has wisely concluded that all of these cases should be coordinated to avoid unnecessary conflicts and expense, conserve judicial resources, and expedite the disposition of all of the cases before this Court." Doc. 31-1 at 4. The Court reached no such conclusion, but merely raised the issue with counsel and requested briefing on the matter. While it is true the Court "invit[ed] motions to consolidate from counsel for plaintiffs," it was solely for the purpose to analyze the issue further – not because the Court had already made a decision.

Plaintiffs timely filed their motion to consolidate. *See* Doc. 31. The Court entered a briefing schedule and directed the Clerk of Court to docket the motion to consolidate in all ten cases along with a copy of the briefing schedule so the undersigned could consider the matter.[3] Defendants timely responded in opposition to the motion to consolidate (*see* Doc. 35), and Plaintiffs timely filed their reply (*see* Doc. 38). Though Defendants requested oral argument (Doc. 35, at 1) and Plaintiffs state it may be beneficial (Doc. 38, at 4), the Court has reviewed the briefs and determined that oral argument is unnecessary.

## II. DISCUSSION AND ANALYSIS

The Federal Rules of Civil Procedure state: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Fed. R. Civ. P. 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). However, as noted by the plain language in the use of the word "may," the Court's decision under Fed. R. Civ. P. 42(a) is purely discretionary. *See also Eghnayem v. Boston Sci. Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495)

---

The plaintiff also indicates in the reply brief that "there is no burden of persuasion on any party," which is also not entirely accurate. *See* Doc. 38 at 2. Though the Magistrate Judge asked the question indicating some similarities between the case, the burden of persuasion still remains with the party requesting consolidation as the Court had not indicated it *would* consolidate the cases but a briefing schedule may be entered. Further, while Fed. R. Civ. P. 42(a) does not specify who carries the burden of persuasion, it seems apparent the Court should be persuaded by either briefing or obvious facts and law that the case should be consolidated. *See* FED. R. CIV. P. 42(a). The Court is not persuaded by either at this time.

[3] The motion must be decided by the Judge to whom the lowest-number case is assigned. S.D. Ala. CivLR 42.

(emphasizing decision is "purely discretionary."). In exercising that discretion, the Court must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id*. Finally, the Court may decide to consolidate for pretrial, trial, or both.

Turning to the situation at hand, Plaintiffs' motion and brief states, "Each case presents similar allegations and require resolution of parallel issues, including the amount, location, timing, duration, and levels of oil and spill-response chemicals discharged or released into the environment of which Plaintiffs were exposed, as well as the fact of diagnosis, alternative causes, causation, and the amount of compensatory damages Plaintiffs are entitled." Doc 31-1 at 2, ¶ 2. They argue "[t]he instant cases present precisely the kind of tort claims courts routinely consolidate based on a desire to save the parties from wasteful re-litigation, avoid duplication of judicial effort, and not materially prejudice anyone's rights." *Id*. at 4. Plaintiffs further contend, of the six (6) issues that can be litigated pursuant to the MSA, [4] only two (2) require an individualized inquiry (Doc. 38) at

---

[4] (i) The fact of diagnosis (*i.e.,* whether the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER was correctly diagnosed with the alleged LATER- MANIFESTED PHYSICAL CONDITION);

(ii) The amount and location of oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the Deepwater Horizon and its appurtenances, and/or dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES, and the timing thereof;

(iii) The level and duration of the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S exposure to oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the Deepwater Horizon and its appurtenances, and/or dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES, and the timing thereof;

6, and the need for individualized inquiry of each plaintiff to determine certain of the litigable issues would not be necessary if Defendants had made adequate disclosures and will not be necessary if Defendants respond to Plaintiffs' discovery requests (*see* Doc. 38, at 6-8). The Court does not find these arguments persuasive and believes there will be more extensive individual inquiry of Plaintiffs' claims.

Defendants are far more on point. They aptly point to the Multi-District Litigation (MDL) court's own acknowledgment that:

> …[t]he court finds that the parties through their Settlement Agreement have resolved the principle common issues that were the basis for including these claims in MDL No. 2179. The court further finds that the issues reserved for further litigation in the BELO provisions of the Settlement Agreement are so highly particularized as to individual plaintiffs that they substantially predominate over common issues that might merit extensive consolidated discovery procedures of the type proposed by counsel, as evidenced by the prohibition in the Settlement Agreement against class action allegations in all BELO lawsuits.

*See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-2179, Doc. 14099 at 1 (E.D. La. Jan. 30, 2015); *see also id*. at Doc. 23785 (stating same and reiterating, "No BELO lawsuit may be filed as a class, mass, or aggregate action").

---

(iv) Whether the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S alleged LATER-MANIFESTED PHYSICAL CONDITION was legally caused by his or her exposure to oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the Deepwater Horizon and its appurtenances, and/or dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES;

(v) Whether there exist any alternative causes for the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S alleged LATER-MANIFESTED PHYSICAL CONDITION, including, but not limited to, exposure to other substances or sources of contaminants and/or toxins; and

(vi) The amount, if any, of compensatory damages to which the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER is entitled.

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-02179-CJB-JCW, Doc. 6427-1 at 69 (E.D. La. May 3, 2012).

The Court also agrees with the Defendants' statement that "BELO lawsuits are focused on litigation of individual rather than common issues." Doc. 35 at 4. The singular commonality in these ten cases is they are represented by the same counsel. All the other factors preponderate against consolidation – plaintiffs were at different worksites, had different levels of exposure, have different medical claims, and have different damages claims.

Based on the above, the Court does not find consolidation is appropriate pursuant to Fed. R. Civ. P. 42(a).

### III.  CONCLUSION

For the reasons articulated above, it is **ORDERED** the Motion to Consolidate Pursuant to Fed. R. Civ. P. 42 (Doc. 31) is **DENIED**. The Clerk of Court is directed to docket this Memorandum Opinion and Order and terminate the corresponding motion to consolidate in the following cases:

(1)  *Martin v. BP Expl. & Prod., Inc.*, No. 1:19-cv-00015-KD-B (S.D. Ala. 2019);

(2)  *Richardson v. BP Expl. & Prod., Inc.*, No. 1:19-cv-00013-C (S.D. Ala. 2019);

(3)  *Janes-Ramsey v. BP Expl. & Prod., Inc.*, 1:19-cv-00012-CG-N (S.D. Ala. 2019);

(4)  *Martir v. BP Expl. & Prod., Inc.*, No. 1:19-cv-00005-JB-C (S.D. Ala. 2019);

(5)  *Seaman v. BP Expl. & Prod., Inc.*, No. 1:18-cv-00535-CG-C (S.D. Ala. 2019);

(6)  *Navarro v. BP Expl. & Prod., Inc.*, No. 1:18-cv-00534-B (S.D. Ala. 2018);

(7)  *Batchelder v. BP Expl. & Prod., Inc.*, No. 1:18-cv-00533-CG-M (S.D. Ala. 2018);

(8)  *McKenzie v. BP Expl. & Prod., Inc.*, No. 1:18-cv-00513-JB-M (S.D. Ala. 2018); and

(9)  *Beatty v. BP Expl. & Prod., Inc.*, No. 1:18-cv-00512-KD-B (S.D. Ala. 2018).

**DONE** and **ORDERED** this the 25th day of March 2019.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE